UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES ROSE, JR.                                          CIVIL ACTION

VERSUS                                                   NO: 14-2406

CARGILL, INC., ET AL                                     SECTION: J(2)

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* (**Rec. Doc. 19**) filed by Defendant, Cargill, Inc. ("Cargill"), an *Opposition* thereto (**Rec. Doc. 20**) by Plaintiff, James Rose, Jr. ("Plaintiff"), and Cargill's *Reply* (**Rec. Doc. 24**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

### PROCEDURAL AND FACTUAL BACKGROUND

This matter arises out of injuries allegedly sustained by Plaintiff aboard the barge HBM 3010 ("the Barge") located at a fleeting facility owned by Cargill in Edgard, Louisiana. At the time of the incident, Plaintiff alleges that he was employed by B&K Contracting ("B&K"), who had been hired by Cargill to clean the barges located at the facility. On the day of the incident,

1

Plaintiff was assigned by B&K to pressure wash the hold of the Barge. The Barge was adjacent to two other barges stationed at the fleeting facility. Plaintiff alleges that as he was stepping from one barge to the Barge, he slipped on soybeans situated on the deck of the Barge and fell overboard. Plaintiff further alleges that while he was in the water, the force of the waves repeatedly slammed him into the side of the Barge. As a result of his fall and subsequent collision with the Barge, Plaintiff alleges that he sustained serious injuries, including injuries to his head, neck, left arm, knee, and shoulder. (Rec. Doc. 1, p. 3).

Plaintiff filed the present lawsuit in this Court on October 20, 2014, naming both Cargill and Cargill's unidentified insurance company as defendants, and asserting claims pursuant to general maritime law. Plaintiff specifically claims that Cargill acted negligently by failing, amongst other things, to provide a safe workplace, to keep the Barge deck clear of hazards, to properly instruct its employees, and to cease operations on the Barge until the soybeans had been cleaned. (Rec. Doc. 1, p. 4). On April 21, 2015, the Louisiana Workers' Compensation Corporation, the workers' compensation insurer for B&K, intervened in the lawsuit, seeking to recover a portion of

the award Plaintiff may ultimately recover as reimbursement for the workers' compensation payments already paid to Plaintiff. (Rec. Doc. 18).

Cargill filed the instant motion on June 5, 2015, requesting that the Court grant summary judgment in its favor and dismiss all Plaintiff's claims against it on the basis that Plaintiff is unable to present a prima facie case of negligence at this stage in the proceedings.

## PARTIES' ARGUMENTS

Cargill asserts that Plaintiff's claims for negligence must be dismissed, because Cargill owed Plaintiff no "duty to protect him from his own inattentiveness." (Rec. Doc. 19-1, p. 5). Cargill first disputes Plaintiff's allegations that Cargill is the owner or operator of the barge. Cargill denies that it either owned or operated the Barge, and as such, asserts it did not have a duty to maintain the Barge or instruct its crew. Second, Cargill contends that it did not owe Plaintiff a duty to clean the soybeans off the deck of the Barge or to warn Plaintiff of the existence of the soybeans, because this was the exact condition Plaintiff had been specifically hired to remedy. Third, Cargill asserts that it never provided Plaintiff with supervision and direction over his cleaning of the Barge, and

that Plaintiff was instead directly supervised by B&K. As such, Cargill argues that only B&K, and not Cargill, may be found liable for failing to exercise proper care when supervising and directing Plaintiff while he performed services aboard the Barge.

In response, Plaintiff first maintains that Cargill is the owner and operator of the Barge. Plaintiff relies on evidence which identifies Cargo Carriers, Inc. ("Cargo Carriers"), which is designated as "a business of Cargill," as the actual owner of the Barge, and asserts that Cargill is unable to present evidence to refute its ownership. (Rec. Doc. 20, p. 2). Although Plaintiff only briefly addresses his claims premised on Cargill's negligence with regards to the soybeans, he devotes a substantial portion of his *Opposition* to arguing that Cargill's failure to erect a ramp or walkway between the barges proximately caused Plaintiff's fall. Plaintiff specifically asserts that "it was unreasonable for Cargill to turn over the cleaning of the barges to B&K Contracting without providing safe walkways between the barges." (Rec. Doc. 20, p. 5).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

4

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence

of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A.   Ownership of the Barge

The first issue that must be resolved in this matter is whether Cargill owned the Barge at the time of the incident. In his Complaint, Plaintiff claims that as owner of the vessel, Cargill may be held strictly liable for the injuries caused by the condition of its Barge as well as for negligently failing to clean the Barge. Moreover, despite not specifically including

claims for unseaworthiness in his Complaint, Plaintiff now alleges in his *Opposition* that as the alleged owner of the Barge, "Cargill owed a warranty of seaworthiness to Mr. Rose." (Rec. Doc. 20, p. 3).

Cargill disputes that it either owned or operated the Barge at the time of the incident. Instead, Cargill relies on the affidavit of Bill Harding, the Fleet Manager at Cargo Carriers. (Rec. Doc. 19-7). Mr. Harding attests that on the date of the incident, "the barge HBM 3010 was not owned nor operated by, nor is it currently owned or operated by Cargill, Inc. or any of Cargill, Inc.'s subsidiaries or businesses." (Rec. Doc. 19-7, p. 2). Instead, Mr. Harding states that at the time of the incident, "the barge HBM 3010 was owned and operated by Bruce Oakley." (Rec. Doc. 19-7, p. 2).

In response to this argument, Plaintiff maintains that Cargill both owned and operated the Barge at the time of his accident. In support of this, Plaintiff relies on a "Marine Survey" which allegedly identifies Cargo Carriers, a business of Cargill, as the owner of the Barge. However, contrary to Plaintiff's assertion, he has failed to attach this alleged survey as an exhibit to his *Opposition* or otherwise provide it

to the Court.[1] Plaintiff makes no reference to Cargill's allegations that the actual owner of the Barge was Bruce Oakley.

In its *Reply*, Cargill presents the Court with additional evidence in support of its contention that it was not the owner or operator of the Barge at the time of the incident. First, Cargill cites to the affidavit of Kyle Smith, the marine surveyor who conducted the marine survey relied upon by Plaintiff. In this affidavit, Mr. Smith acknowledges that the survey is incorrect with regard to who owned the Barge. Mr. Smith further admits that "a review of his records has confirmed that neither Cargo Carriers, Inc. nor Cargill, Inc. were the owner of HBM 3010." (Rec. Doc. 24-1, p. 20). Moreover, Cargill cites to a number of other pieces of evidence, including several invoices issued from Cargo Carriers, Inc. to Oakley Barge Line, Inc. and an electronic barge ticket for the HBM 3010, all of which identify the owner of the Barge as "Oakley" or Oakley Barge Line, Inc. (Rec. Docs. 24-1, pp. 8-10).

In light of this convincing evidence showing that Cargill was not the owner or operator of the Barge at the time of the incident, as well as Plaintiff's inability to present any

---

[1] Plaintiff has advised the Court that he attached the "Kyle Smith Marine Surveying Report No. 13-0211" to his *Opposition* as Exhibit 2. However, neither Exhibit 2 nor any of the other exhibits attached to this *Opposition* are or include a marine survey.

8

evidence to sufficiently rebut this assertion, summary judgment on Plaintiff's claims for unseaworthiness, strict liability, and negligence claims premised on Cargill's ownership of the Barge is warranted.

### B. Plaintiff's Claims Regarding Soybeans

In his Complaint, Plaintiff alleges that his injuries were caused when he "slipped on soybeans that had been negligently spilled on the deck of the Barge." (Rec. Doc. 1, p. 3). Plaintiff first claims that Cargill "failed to exercise ordinary care when directing [Plaintiff] to go onto the Barge to work prior to ensuring that the deck of the barge was clean and clear of spilled materials." (Rec. Doc. 1, p. 4). Cargill argues that this claim must be dismissed, because at all times while working at the Cargill facility, Plaintiff was under the direct supervision of his employer, B&K, and was never directed or supervised by Cargill.

In his *Opposition*, Plaintiff fails to address Cargill's argument that he was never supervised by Cargill. Nor has Plaintiff, at any stage in these proceedings, provided the Court with any evidence to indicate that Cargill ever directed him to board the Barge prior to ensuring that the Barge was cleared of the spilled soybeans. Because Plaintiff has failed to introduce

any evidence to show that Cargill ever supervised or directed his conduct aboard the Barge, his claims premised on these arguments must be dismissed.

The Court must next consider Plaintiff's claims for negligence and strict liability premised on Cargill's failure to notify him of or to clean up the soybeans prior to his entry onto the Barge. With regards to these claims, Cargill argues that it did not owe Plaintiff either a duty to warn him of the location of the soybeans or to clean the deck prior to his entrance, because the spilled soybeans were a condition that Plaintiff, as cleaner of the Barge, was specifically hired to remedy. In his *Opposition*, Plaintiff fails to address this argument, and only briefly discusses his claims premised on the spilled soybeans.[2]

Plaintiff admits in his deposition that he was hired by B&K as a "barge washer," and that his role in this position was to clean barges located at the Cargill facility. (Rec. Doc. 19-5, p. 11). Plaintiff also admits that he has worked as a barge washer for fifteen to twenty years, and that generally the materials he is hired to clean from the barges are "pretty much,

---

[2] Plaintiff's only argument with regard to these claims is that he was paying attention while he was boarding the Barge, and that his failure to see the soybeans prior to when he slipped on them was through no fault of his own. (Rec. Doc. 20, p. 8).

soybeans, corn, [and] meal." (Rec. Doc. 19-5, p. 17). Accordingly, it is reasonable for Plaintiff to believe he would encounter soybeans on the date of the incident, at which time he was assigned to clean the Barge.

Courts within the Fifth Circuit have repeatedly recognized that a vessel owner is not required to warn of or repair a harmful condition which causes injury to a person hired to repair that condition. *Casaceli v. Martech Inter., Inc.*, 774 F.2d 1322, 1330 (5th Cir. 1985) (quoting *Stass v. Am. Commercial Line, Inc.*, 720 F.2d 879, 883 (5th Cir. 1983) ("[A] ship may not be found negligent merely because a condition of the ship that requires repair or inspection injures the person hired to inspect or repair that condition.") (internal quotations omitted)). This rule that "an employee cannot recover for injuries received while doing an act to eliminate the cause of the injury," is well-established both within the Fifth Circuit and elsewhere. *Peters v. Titan Nav. Co.*, 857 F.2d 1342, 1345 (9th Cir. 1988); *Johnson v. Continental Grain Co.*, 58 F.3d 1232, 1237 (8th Cir. 1995).

Here, it is undisputed that Plaintiff was hired to clean up the same soybeans on which he allegedly slipped. Plaintiff cannot, therefore, successfully assert that Cargill owed him a

duty to clean the soybeans prior to his boarding the Barge. Accordingly, Plaintiff's claims against Cargill premised on Cargill's liability for the presence of soybeans on the deck of the Barge should be dismissed.

### C. Plaintiff's Claims Regarding Walkways

While not specifically mentioned in his Complaint, Plaintiff alleges in his *Opposition* that Cargill should be found liable for "turn[ing] over the cleaning of the barges to B&K Contracting without providing safe walkways between the barges." (Rec. Doc. 20, p. 5). Plaintiff specifically contends that "the use of a walkways [sic] with handrails for traversing the barges would have prevented Mr. Rose's fall." (Rec. Doc. 20, p. 6).

In his Complaint, Plaintiff alleges that his fall and subsequent injuries were directly caused by "slip[ing] on soybeans that had been negligently spilled on the deck of the Barge." (Rec. Doc. 1, p. 3). While adhering to this allegation, Plaintiff further argues for the first time in his *Opposition* that Cargill acted unreasonably by failing to erect a walkway or ramp between its barges, and that this failure directly contributed to his injury. In support of this contention, Plaintiff first relies on his own testimony in which he describes that the water was rough at the time at which he fell.

12

(Rec. Doc. 20, p. 5). The only other evidence on which Plaintiff relies is an Occupational Safety & Health Administration ("OSHA") regulation which requires that "unless employees can step safely to or from the wharf, float, barge, or river rowboat, either a ramp meeting the requirements of paragraph (b)(1) of this section or a safe walkway shall be provided." 29 CFR 1926.605(b)(2).

First, it should be noted that Plaintiff's failure to raise this claim in his Complaint does not preclude the Court from considering the claim. Instead, under Fifth Circuit precedent, "when a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)." *Riley v. Sch. Bd. Union Parish*, 379 F.App'x 335, 341 (5th Cir. 2010) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989, n. 2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972)). However, after considering this delayed claim as a motion to amend Plaintiff's Complaint, the Court finds the claim to be without merit.

Plaintiff fails to present any evidence in support of the causation element of its claim for negligence premised on the

13

Barge's lack of walkways. While Plaintiff asserts that the water was rough at the time he fell overboard, he does not explain how the existence of a walkway or ramp between the barges would have alerted him to the location of the soybeans or prevented his fall into the water. Plaintiff's Complaint and subsequent deposition testimony is clear: he slipped only after stepping on the soybeans on the deck of the Barge. In fact, Plaintiff notes in his deposition that he slipped on the soybeans while taking his second step on the barge. (Rec. Doc. 24-1, p. 14). This admission indicates that Plaintiff was already aboard the Barge at the time he slipped and fell overboard, not stepping *onto* the Barge as Plaintiff's claim for negligence implies. Plaintiff has provided the Court with no support for his argument that the existence of a walkway would have alerted Plaintiff to the location of the soybeans and prevented him from slipping on such. Accordingly, at this stage in the proceedings, Plaintiff is unable satisfy the element of causation in his claim for negligence.

## CONCLUSION

Accordingly,

    **IT IS HEREBY ORDERED** that Cargill's *Motion for Summary Judgment* (**Rec. Doc. 19**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in the above-captioned matter are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 1st day of July, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE